

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. MICHAEL LEE GRAMM, an individual,

    Plaintiff,

vs.

2. SPEEDY'S LLC, and

3. UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation,

    Defendants.

Case No.

**22CV-057 TCK · SH**

FILED
FEB 02 2022
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## COMPLAINT

NOW COMES Plaintiff, Michael Lee Gramm, by and through his attorneys, Kate D. Thompson and Timothy P. Clancy of Clancy & Thompson PLLC, and states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil complaint brought under ERISA Section 502, 29 U.S.C. §1132, and federal common law, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendants to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendants' failure to do so.

2. This Court has jurisdiction pursuant to ERISA Sections 502(e)(l), (f), 29 U.S.C. § 1132(e)(l), (f), 28 U.S.C. §2201.

3. Venue properly lies in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132( e )(2).

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff is a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in a benefit plan called "SPEEDY'S LLC PLAN" ("Plan") by virtue of his employment, as President of Speedy's LLC. Plaintiff resides in Broken Arrow, Tulsa County, OK.

5. The Plan is a benefit plan within the meaning of ERISA Section 3(1), 29 U.S.C. § I 002(1).

6. Defendant UNUM Life Insurance Company of America is a foreign corporation that is and was at all material times doing business in this district with its principal place of business in Portland, Maine.

7. Defendant Speedy's LLC is the Plan Administrator and named fiduciary who is the "Agent for Service of Legal Process on the Plan" at 5816 W Orlando Circle, Broken Arrow, OK 74011.

8. Defendant UNUM is a fiduciary and administrator, within the meaning of ERISA Sections 3(16), 402(a)(2), 29 U.S.C. §1002(16), §1102(a)(2), with respect to the Plan and in fact, repeatedly denied Plaintiff's claim for benefits.

9. The Plan states, in part:

> You are considered disabled when Unum determines that due to your **sickness** or **injury**:
>
> 1. You are unable to perform the **material and substantial duties** of your **regular occupation** and are not working in your regular occupation or any other occupation.
>
> or,
>
> 2. You are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your **indexed monthly earnings** while working in your regular occupation or in any occupation.

> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

10. Plaintiff suffers from *multiple sclerosis with severe fatigue with weakness and paresthesia of the bilateral lower extremities* per Dr. Randall Madison Webb, M.D.

11. Plaintiff became disabled pursuant to the Plan's definition of "Disabled" on August 24, 2018.

12. At all relevant times, Plaintiff has been and continues to be under the care of "licensed Physicians" to treat his medical conditions.

13. On or about April 17, 2019 Defendant Unum denied Plaintiff's claim for Long Term Disability Benefits.

14. Plaintiff submitted additional documentation from medical providers on October 10, 2019, however, Unum again denied Plaintiff's claim on January 24, 2020.

15. The Plan's wrongful denial, via UNUM, of Plaintiff's long-term disability benefits was based on biased interpretation of medical records, policy definitions, and selective, limited, and incomplete medical information concerning Plaintiff's medical ailments and resulting disabilities.

16. In the course of the appeal, Plaintiff provided all requested evidence from his medical providers substantiating his disability along with the Social Security Administration's finding of Plaintiff's total disability.

17. On or about August 31, 2021, Defendant responded to Plaintiff's request for reconsideration stating that "[T]he administrative remedy has been exhausted. We will not be providing any further review on appeal" thus ignoring the findings of the Social

Security Administration despite the Plan's requirement for coordination of this disability benefit.

18. Plaintiff remains entitled to long-term disability benefits under the Plan, and Defendant UNUM failed to approve Plaintiff's application for disability benefits.

19. Plaintiff's ongoing disability, as defined in the Plan, prevents him from returning to work.

### COUNT I - Action under ERISA Section 502(a)(l)(B), 29 U.S.C. §1132(a)(l)(B), to Recover Full Benefits

20. Plaintiff incorporates by reference paragraphs 1 through 19.

21. The denial of Plaintiff's disability benefit payments is in direct violation of the terms of the Plan.

22. Plaintiff's disability is continuing and, but for the wrongful denial of benefits, he would be receiving Plan benefits presently and continuing.

### PRAYER FOR RELIEF

**PLAINTIFF REQUESTS** that the Court grant the following relief:

a. A declaratory judgment pursuant to ERISA Section 502(a)(l)(B), 29 U.S.C.§ 1132(a)(l)(B), and 28 U.S.C. §2201, declaring that Plaintiff is entitled to Long Term Disability Benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable, and that Defendants have violated the Plan and fiduciary duties by denying these benefits.

b. Preliminary and permanent injunctions pursuant to ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), and F.R.C.P. 65, enjoining Defendants from discontinuing, reducing, limiting, or terminating the disability benefits payable to Plaintiff under the Plan.

c. A full and accurate accounting by Defendants of all computations for Plaintiff's disability

       benefits, in enough detail, so that Plaintiff may ascertain that his benefits are being paid in for the proper period and in the proper amount.

d.    An order compelling Defendants to pay Plaintiff forthwith the full amount of disability benefits due him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

e.    Reasonable attorney fees and costs, pursuant to ERISA Section 502(g)(l), 29 U.S.C. § 1132(g)(I).

f.    Such other relief as may be just and appropriate.

Respectfully submitted this 25th day of January 2022.

**CLANCY & THOMPSON PLLC, P.C.**

By: /s/ *Kate D. Thompson*
Kate D. Thompson, OBA No. 20991
kate@ctlawtulsa.com
Timothy P. Clancy, OBA No. 14199
tim@ctlawtulsa.com
**CLANCY & THOMPSON, PLLC**
2738 E. 51st Street, Suite 130
Tulsa, OK 74105
(918) 494-0007 / (918) 515-7555 – Fax
*Attorneys for Michael Gramm*